*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CIERRIA JOHNSON,

      Plaintiff-Appellant,

v

GEORGE ZIYADEH, DDS, and GEORGE
ZIYADEH, DDS, PC,

      Defendants-Appellees.

UNPUBLISHED
May 23, 2019

No. 340866
Wayne Circuit Court
LC No. 16-004444-NH

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

RONAYNE KRAUSE, J. (*concurring*).

I concur in the result reached by the majority because I am constrained by the so-called "locality rule," 600.2912a(1)(a), to do so. I agree with the majority's recitation of the facts and applicable law, and I agree with the majority's analysis. I write separately because I believe the "locality rule" has little, if any, relevance left today, and I find it inconceivable that there could possibly be any regional variation in the standard of care for a simple tooth extraction.

The "locality rule" appears to have begun as a common law doctrine. See *Pelky v Palmer*, 109 Mich 561, 562-563; 67 NW 561 (1896). In 1976, Justice WILLIAMS explained at great length why the rule was even then an obsolete historical anachronism left over from a time when there was a vast divide between urban and rural practices, before standardized licensure boards, before widespread continuing education, before well-equipped medical centers became commonplace, before widespread motor vehicle transportation[1] and paved highways, and before the advent of electronic and other advanced communications. *Siirila v Barrios*, 398 Mich 576, 611-617, 622-625; 248 NW2d 171 (1976) (WILLIAMS, J., concurring). Justice WILLIAMS concluded that although a defendant should be permitted to present evidence that some characteristic of his or her practice warrants deviation from a universal standard, the emphasis on geographic locality was obsolete. *Id*. at 625-630. Nevertheless, the Legislature codified the

---

[1] The Ford Model T was not created until 1908, more than a decade after *Pelky* was decided.

"locality rule" by enacting 1977 PA 272. See *LeBlanc v Lentini*, 82 Mich App 5, 9 n 1; 266 NW2d 643 (1978). There is no doubt that we are constrained to follow that rule. *Bahr v Harper-Grace Hosp*, 448 Mich 135, 138; 528 NW2d 170 (1995); *Birmingham v Vance*, 204 Mich App 418, 422-427; 516 NW2d 95 (1994).

All of the changes that have occurred in our society between the nineteenth century and 1976 discussed by Justice WILLIAMS have only continued and accelerated since *Siirila* was decided. We live in a society that is more interconnected, instantaneous, and regulated. The "locality rule" was already an anachronism when Justice WILLIAMS discussed it, and it has only become further divorced from the reality of medical practice since that time. We must follow it, and as a consequence, I am constrained to agree with the majority's opinion. However, it defies any reason to assert that there is *truly* any difference in the standard of care applicable to a simple tooth extraction in Wayne County and a simple tooth extraction anywhere else. I encourage the Legislature to reconsider whether the "locality rule" remains valuable for anything other than pure gamesmanship.


/s/ Amy Ronayne Krause